UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MACK EDWIN WILDER II,

               Plaintiff,

v.

HEIDI WASHINGTON et al.,

               Defendants.

_____/

Case No. 1:26-cv-426

Honorable Jane M. Beckering

## **OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a former county detainee, who initiated this action while he was detained at a county detention facility, regarding events that occurred during his prior incarceration with the Michigan Department of Corrections (MDOC). In a prior Order, the Court granted Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint as detailed below.

**Discussion**

## I.      Factual Allegations

In this action, Plaintiff presents claims regarding events that occurred during his incarceration at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff filed this action while incarcerated at the Oakland County Jail in Pontiac, Oakland County, Michigan. (Compl., ECF No. 1, PageID.3.) Plaintiff sues MDOC Director Heidi Washington, MDOC Deputy Director Jeremy Bush, Ombudsman Keith Barber, Analysis Ombudsman Alix Naffke, and the following LRF staff: Captain of First Shift Unknown Party #1, Inspector Unknown Party #2, Deputy Warden Unknown Party #3, Assistant Deputy Warden Unknown Party #4, Sergeant Unknown Couzins, Correctional Officer (CO) Unknown Dial, Transport CO Unknown Party #5, Transport CO Unknown Party #6, and Warden Unknown Party #7. (*Id*., PageID.3–5.)

Plaintiff alleges that on or around April 1, 2023, he was "in the segregation unit while on observation status for 15-minute rounds."[1] (*Id*., PageID.6.) On the first shift rounds, Plaintiff asked Defendant Dial if he could be put on the list to use the phone. (*Id*.) Plaintiff states that he had "never been on . . . observation status until that point, so [Plaintiff] had no idea as to how it could work." (*Id*.) Defendant Dial told Plaintiff, "You're not getting s[***] and when you're done playing your stupid f[******] games, you're going back to Level IV where you belong." (*Id*.) Plaintiff alleges he was a Level II prisoner at that time. (*Id*.) Plaintiff then requested a supervisor and Defendant Dial told Plaintiff, "You're not getting s[***]." (*Id*.) Plaintiff informed Defendant Dial that Plaintiff was going to "cover [his cell] door" until Defendant Dial brought a supervisor.

---

[1] In this Opinion, the Court corrects the spelling, punctuation, and abbreviations in quotations from Plaintiff's filings.

(*Id*.) Defendant Dial told Plaintiff, "You cover your door, I am going to come in there and beat your a[\*\*]." (*Id*.) Plaintiff then "took the mattress off the bunk because it has holes through it to see through and laid under it and fell asleep." (*Id*).

Plaintiff claims he woke up to Defendant Dial saying, "Come out from under the bunk or I'm gonna beat your a[\*\*]." (*Id*.) Plaintiff asked for a Sergeant or Lieutenant. (*Id.*) Defendant Dial "then hit his P.P.D. button," and Plaintiff alleges that "all [he] heard was the exit door come flying open, the cell door coming off, and [Defendant Dial] enter[ed] the cell." (*Id*.) Plaintiff claims that Defendant Dial "pulled [Plaintiff] out of the bunk . . . punched [Plaintiff] in [the] jaw, and shoved his finger in [Plaintiff's] a[\*\*] while getting [Plaintiff] to roll over on [his] stomach to put restraints on." (*Id*., PageID.6–7.) Plaintiff then alleges that "the other officer, Name Unknown, picked [him] up with [Defendant] Dial and suspended [him] in the air by the restraints." (*Id*., PageID.7.) Defendant Couzins arrived at the incident at this time. (*Id*.) Plaintiff was then carried into the hallway, placed in the restraint chair, and moved into the back hallway. (*Id*.) Plaintiff claims there was "no evidence of any self-harm for a need to be placed in a restraint chair." (*Id*.)

On an unspecified date and time, Plaintiff reported the "[Prison Rape Elimination Act (PREA)] incident" to "shift command." (*Id*.) Plaintiff alleges he was sent to the hospital for a "[Sexual Assault Nurse Examiner (SANE)] exam" on either April 2, 2023, or April 3, 2023, between 3:00 a.m. and 5:00 a.m. (*Id*.) However, a "SANE nurse was not present and [he] was told to come back at a more reasonable time and did not go back until that Monday at around 4:00 p.m." (*Id*.) At that time, Plaintiff "filled [out] an ombudsman investigation for the incident, which took months with [Defendant] Alix Naffke." (*Id*.) Plaintiff alleges he did not receive any notification of the outcome of the investigation, which he states he was supposed "to receive in a letter or visit from the ombudsman['s] office." Plaintiff also alleges that on an unspecified date he

3

had surgery to "remove the thrombosed hemorrhoids from the recent incident by a [non-party] doctor with both transport officers . . . [Defendants Unknown Parties #5 and #6] witnessing the surgery at the hospital." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his Eighth and Fourteenth Amendment rights. (*Id.*, PageID.8.) Plaintiff also raises a "federal tort claim for sexual assault." (*Id.*) As relief, Plaintiff seeks monetary damages. (*Id.*)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.    Discussion

#### A.    Defendants Washington, Bush, Barber, Unknown Parties #1–4, and Unknown Party #7

Plaintiff lists Defendants Washington, Bush, Barber, Unknown Parties #1–4, and Unknown Party #7 as Defendants in this action; however, Plaintiff fails to allege any facts showing how these Defendants were personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants Washington, Bush, Barber, Unknown Parties #1–4, and Unknown Party #7 in the body of his complaint, nor does he refer to their titles in the body of his complaint. (*See generally* Compl., ECF No. 1.) Plaintiff's claims against these Defendants therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff seeks to hold Defendants Washington, Bush, Barber, Unknown Parties #1–4, and Unknown Party #7 liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that

6

the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Washington, Bush, Barber, Unknown Parties #1–4, and Unknown Party #7 encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, Plaintiff's claims against Defendants Washington, Bush, Barber, Unknown Parties #1–4, and Unknown Party #7 will be dismissed for failure to state a claim.

## B.      Non-Parties Referenced in the Complaint

In Plaintiff's complaint, he describes the actions of several non-parties at LRF. (*See generally* Compl., ECF No. 1.) In particular, Plaintiff alleges that a non-party officer "picked [him] up . . . and suspended [him] in the air by the restraints." (*Id.*, PageID.7.) Plaintiff also alleges that he "gave [his] report of the PREA incident to shift command," but his SANE medical exam was delayed, and that at a later time, he had hemorrhoids removed by a non-party doctor. (*Id.*)[2]

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). This Court has previously concluded that

---

[2] The Court notes that to the extent that Plaintiff intended to raise any claims under the PREA, Plaintiff "has no independent cause of action for any Defendant's failure to comply with the [PREA]." *Wilson v. PTS of America, LLC*, No. 1:16-cv-1250, 2018 WL 1040348, at *3 (W.D. Mich. Jan. 22, 2018) (quoting *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016)); *see also Montgomery v. Harper*, No. 5:14-CV-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.")

7

"[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action).

In his complaint, Plaintiff refers to the "other officer" and "shift command" in his allegations, but he does not identify these individuals as Defendants in this action. Likewise, Plaintiff's allegations regarding the two-day delay in receiving a SANE exam do not describe any individuals, parties or non-parties, as being responsible for this delay. For example, Plaintiff does not allege when or to whom he made his request for the SANE exam, who told him to "come back at a more reasonable time," or any specific allegations regarding his requests for treatment. Lastly, the doctor that Plaintiff received medical treatment from is not listed as a Defendant in this action, by name or title.

Accordingly, any intended claims against the non-party individuals discussed in the complaint will be dismissed for failure to state a claim upon which relief may be granted.

### C. Eighth Amendment Claims

#### 1. Defendants Dial and Couzins

Plaintiff alleges that Defendants Dial and Couzins violated Plaintiff's Eighth Amendment rights. Specifically, Plaintiff alleges that Defendant Dial used excessive force against Plaintiff and sexually assaulted Plaintiff and that Defendant Couzins arrived at Plaintiff's cell after Dial's use of force and was present when Plaintiff was placed in a restraint chair. (Compl., ECF No. 1, PageID.6–7.)

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is a subjective component and an objective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official,

9

it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Furthermore, "[f]ederal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). Although not all allegations regarding isolated incidents of sexual touching rise to the level of an Eighth Amendment violation, s*ee, e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment), repeated and extreme incidents may sufficiently state a claim.

### a.    Defendant Dial

Plaintiff alleges that on April 1, 2023, he told Defendant Dial that he was going to cover his cell door until Dial brought a supervisor, that Plaintiff then took his mattress off his bunk and "laid under it and fell asleep," and that Plaintiff woke up to Defendant Dial entering Plaintiff's cell, punching Plaintiff in the jaw, sexually assaulting Plaintiff, and "suspending [Plaintiff] in the air by the restraints." (Compl., ECF No. 1, PageID.6–7.)

10

At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Therefore, at this time, the Court will not dismiss Plaintiff's Eighth Amendment excessive force and sexual assault claims against Defendant Dial.

### b.    Defendant Couzins

Plaintiff's sole allegation against Defendant Couzins is that he "arrived at the incident" after Plaintiff had been restrained by Defendant Dial and a non-party officer. (*Id*., PageID.7.) Plaintiff alleges that he was then carried into the hallway and placed in a restraint chair. (*Id*.) Plaintiff takes issue with being placed in the restraint chair, alleging that there was "no evidence of any self-harm." (*Id*.)

As an initial matter, Plaintiff does not allege that Defendant Couzins used force against Plaintiff. Plaintiff also does not allege that Defendant Couzins was aware that Defendant Dial had used force against Plaintiff prior to Couzins's arrival at Plaintiff's cell. Further, although Plaintiff alleges that after Defendant Couzins's arrival at the scene, he was unnecessarily placed in a restraint chair, Plaintiff does not indicate who carried him into the hallway and placed him in the restraint chair. Under these circumstances, Plaintiff necessarily fails to show that any Defendant, let alone Defendant Couzins, was involved in Plaintiff's placement in the restraint chair.

Under these circumstances, based on the facts alleged by Plaintiff, Plaintiff fails to show that Defendant Couzins used *any* force against Plaintiff, and he fails to show that Defendant Couzins failed to protect Plaintiff from any use of force by others. Moreover, even assuming, without deciding, that Defendant Couzins carried Plaintiff into the hallway and placed him in the restraint chair, there are no facts to indicate that the force used was malicious or sadistic. *See Hudson*, 503 U.S. at 7.

Finally, to the extent that Plaintiff attempts to hold Defendant Couzins liable due to his supervisory position at LRF, government officials may not be held liable for the unconstitutional

11

conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (2009); *Monell*, 436 U.S. at 691 (1978); *Everson*, 556 F.3d at 495. Plaintiff does not allege any facts describing Defendant Couzins's presence for any alleged unconstitutional actions and, regardless, the acts of Defendant Couzins's subordinates are not enough, as supervisory liability cannot be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers*, 368 F.3d at 888.

Accordingly, for all of these reasons, Plaintiff's Eighth Amendment claims against Defendant Couzins will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendant Couzins in the complaint, Defendant Couzins will be dismissed from this action.

### 2.    Medical Treatment

Plaintiff's allegations regarding medical treatment primarily concern non-parties or unidentified individuals, *see supra* Section III.B, however, Plaintiff's complaint also contains allegations against Defendants Unknown Parties #5 and #6 as related to his medical care. (Compl., ECF No. 1, PageID.7.) For the reasons detailed below, Plaintiff fails to state an Eighth Amendment medical care claim against Defendants Unknown Parties #5 and #6.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle*, 429 U.S. at 103–04. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104–05; *Comstock*, 273 F.3d at 702.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component,

the plaintiff must allege that the medical need at issue is sufficiently serious. *Id*. In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

In this action, Plaintiff alleges that Plaintiff received surgery to remove his thrombosed hemorrhoids following the sexual assault and alleges that Defendants Unknown Parties #5 and #6, the transport officers, witnessed the surgery. Plaintiff does not allege that he was denied treatment for his hemorrhoids, nor does he allege that Defendants Unknown Parties #5 or #6 were involved in denying him medical care. Instead, Defendants Unknown Parties #5 and #6 were the officers that brought Plaintiff to his medical appointment. (*See* Compl., ECF No. 1, PageID.7.) Plaintiff's allegations do not show that Defendants Unknown Parties #5 and #6 were engaged in any unconstitutional conduct; Plaintiff's allegations show only that they had transported Plaintiff to the hospital and that they were present for Plaintiff's medical treatment.

Furthermore, although not specifically articulated by Plaintiff, to the extent that Plaintiff is attempting to raise a claim for a HIPAA violation because the officers saw his surgery, there is no private cause of action for a HIPAA violation. *Burley v. Rider*, No. 1:17-cv-88, 2018 WL 6033531, at *5 (W.D. Mich. Aug. 27, 2018), *R. & R. adopted* 2018 WL 4443071 (W.D. Mich. Sept. 18,

13

2018); *see also Faber v. Ciox Health, LLC*, 944 F. 3d 593, 596 (6th Cir. 2019) ("HIPAA doesn't authorize a private cause of action.").

In summary, for the reasons set forth above, Plaintiff's Eighth Amendment medical claims against Defendants Unknown Parties #5 and #6 will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendants Unknown Parties #5 and #6 in the complaint, Defendants Unknown Parties #5 and #6 will be dismissed from this action.

**D.      Fourteenth Amendment Claims**

When listing the claims raised in this suit, Plaintiff references the Fourteenth Amendment, but he does not provide any further explanation regarding the type of Fourteenth Amendment claims he is raising in this action. (Compl., ECF No. 1, PageID.8.) However, Plaintiff alleges that on an unspecified date he filled out an "ombudsman investigation for the incident," that the investigation with Defendant Naffke "took months," and he was never notified of the outcome of the investigation. (Compl., ECF No. 1, PageID.7.) The Court construes Plaintiff's allegations regarding Defendant Naffke as claims that his due process rights were violated.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Here, Plaintiff fails to allege a protected liberty or property interest dependent upon Defendant Naffke completing an investigation and notifying Plaintiff of the outcome of an

14

investigation. Plaintiff further fails to allege that he was denied any process associated with a protected liberty or property interest. *Thompson*, 490 U.S. at 460. Plaintiff's vague suggestion that Defendant Naffke failed to comply with due process fails to raise a cognizable federal claim.

Accordingly, Plaintiff's Fourteenth Amendment claims will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendant Naffke in the complaint, Defendant Naffke will be dismissed from this action.

### E. Federal Tort Claims Act (FTCA) Claims

Plaintiff raises a "federal tort claim for sexual assault." (Compl., ECF No. 1, PageID.8.) However, the only proper defendant to a suit under the FTCA is the United States. "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Plaintiff's allegations all concern events that took place within the MDOC, a state department of corrections, and do not involve any federal defendants or the United States. Therefore, Plaintiff's assertions that Defendants violated the FTCA fail to state a claim.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Defendants Washington, Bush, Barber, Naffke, Couzins, and Unknown Parties #1–7 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment and FTCA claims against remaining Defendant Dial. Plaintiff's Eighth Amendment excessive force

15

and sexual assault claims against Defendant Dial remain in the case. Plaintiff's complaint will be served on Defendant Dial.

An Order consistent with this Opinion will be entered.


Dated:      July 30, 2026                                    /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge